1  ELENA R. BACA (SB# 160564)
   elenabaca@paulhastings.com
2  JENNIFER MILAZZO (SB# 318356)
   jennifermilazzo@paulhastings.com
3  PAUL HASTINGS LLP
   515 South Flower Street, 25th Floor
4  Los Angeles, CA 90071
   Telephone: (213) 683-6000
5  Facsimile: (213) 627-0705

6  RYAN D. DERRY (SB# 244337)
   ryanderry@paulhastings.com
7  PAUL HASTINGS LLP
   101 California Street, 48th Floor
8  San Francisco, CA 94111
   Telephone: (415) 856-7000
9  Facsimile: (415) 856-7100

10 Attorneys for Defendant
   DOLLAR TREE STORES, INC.
11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 NICOLE HILL, on behalf of herself and all others    CASE NO.
   similarly situated,
16                                                       **DEFENDANT DOLLAR TREE STORES,**
                    Plaintiffs,                          **INC.'S NOTICE OF REMOVAL OF**
17                                                       **CIVIL ACTION**
           vs.
18                                                       Santa Clara County Superior Court
   DOLLAR TREE STORES, INC., a Virginia               Case No. 23CV422347
19 corporation; and DOES 1 through 100, inclusive,
                                                        Complaint Filed: September 1, 2023
20                  Defendants.

21

22

23

24

25

26

27

28

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Dollar Tree Stores, Inc. ("Dollar Tree") hereby removes the above-captioned action from the Superior Court for the State of California, in and for the County of Santa Clara ("Superior Court"), to the United States District Court for the Northern District of California ("District Court"), based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9). In support of removal, Dollar Tree alleges as follows:

1.      On September 1, 2023, Plaintiff Nicole Hill filed a putative class action in Santa Clara County Superior Court entitled: "*NICOLE HILL, on behalf of herself and all others similarly situated, Plaintiffs, vs. DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 100, inclusive, Defendants*," Santa Clara County Superior Court Case No. 23CV422347 ("Complaint"). The allegations in the Complaint are incorporated into this Notice by reference without admitting the truth of any of them.

2.      In the Complaint, Plaintiff purports to bring class claims on behalf of herself and the following putative classes: (1) all current and/or former employees of Defendants in California commencing four years prior to the filing of Plaintiff's Complaint ("Non-Exempt Employee Class"); (2) all current and/or former employees of Defendants in California commencing four years prior to the filing of Plaintiff's Complaint and who worked shifts of 5 hours or more ("Meal Period Class"); (3) all current and/or former employees of Defendants in California commencing four years prior to the filing of Plaintiff's Complaint and who worked shifts of 4 hours or more ("Rest Period Class"); (4) all former employees of Defendants in California commencing three years prior to the filing of Plaintiff's Complaint and who did not receive all their wages upon termination and/or resignation of their employment ("Late Pay Class"); and (5) all current and/or former employees of Defendants in California commencing one year prior to the filing of Plaintiff's Complaint and were provided with wage statements ("Wage Statement Class"). Compl. ¶ 25. The Complaint asserts nine putative class action causes of action for: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to pay sick leave; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) failure to pay

all wages upon termination; (7) failure to provide accurate wage statements; (8) violating Labor Code section 212; and (9) unfair competition in violation of California Business and Professions Code sections 17200, *et seq.* *See* Compl.

3.  On September 25, 2023, Plaintiff personally served Dollar Tree with the Summons and the Complaint in this Action. A true and correct copy of the Summons and Complaint served on Dollar Tree on September 25, 2023, is attached to this Notice as Exhibit A.

4.  With the Summons and the Complaint, Plaintiff also personally served Dollar Tree with a Civil Case Cover Sheet in this Action. A true and correct copy of the Civil Case Cover Sheet served on Dollar Tree on September 25, 2023, is attached to this Notice as Exhibit B.

5.  Exhibits A and B contain all process, pleadings, and orders served on Dollar Tree, as of the date of this removal.

6.  On October 3, 2023, Plaintiff filed a "Proof of Service Summons," reflecting service of the Complaint on September 25, 2023. A true and correct copy of the "Proof of Service Summons" is attached to this Notice as Exhibit C.

7.  On October 20, 2023, Dollar Tree filed its Answer to Plaintiff's Putative Class Action Complaint. A true and correct copy of Dollar Tree's Answer is attached to this Notice as Exhibit D.

8.  Exhibits A through D also reflect all documents that Dollar Tree understands have been filed in this matter. Indeed, as of the date of this removal, only the Complaint is listed under "Events" on the docket. A true and correct copy of the "Events" tab on the docket in this matter from the Santa Clara County Superior Court, as of the date of this removal, is attached to this notice as Exhibit E.

9.  No other defendant is named in this Action and Dollar Tree is informed and believes that no other defendant has been served with process in this Action.

10. This notice of removal is effected properly and timely pursuant to 28 U.S.C. section 1446(b).

11. Notice of this removal will promptly be given to both Plaintiff and the Superior Court pursuant to 28 U.S.C. section 1446(d).

12. Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

DOLLAR TREE STORES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION

### REMOVAL IS PROPER UNDER CAFA

13.     The Action is properly removed to this Court under the amended rules for diversity of citizenship jurisdiction under CAFA.  CAFA amended 28 U.S.C. section 1332 to provide that a putative class action is removable to federal court if (a) any member of a class of plaintiffs is a citizen of a state different from any defendant; (b) the proposed class members number is at least 100; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).  Each of these requirements is met in this Action.

### DOLLAR TREE IS NOT A GOVERNMENT ENTITY

14.     Under 28 U.S.C. section 1332(d)(5)(A), CAFA does not apply to class actions where the "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

15.     Dollar Tree is not a state, state official, or other governmental entity.  *See* Declaration of Jeffrey Whitemore, filed concurrently herewith ("Whitemore Decl."), ¶ 3.

### THE CITIZENSHIP OF THE PARTIES IS DIVERSE

16.     Dollar Tree is informed and believes that Plaintiff is now, and was at the time the Action commenced, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a).  *See* Comp. ¶ 13 ("Plaintiff, Ms. Hill, is a resident of the State of California.").

17.     A corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. section 1332(c)(1).  A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which should "normally be the place where the corporation maintains its headquarters."  *Hertz v. Friend*, 559 U.S. 77, 92-93 (2010).

18.     Dollar Tree is incorporated in Virginia.  Whitemore Decl. ¶ 3.  Dollar Tree's headquarters are also located in Virginia, where its executive and senior management personnel, and primary management operations are based.  *Id.*  This is the case for all points in time relevant to this Action.  *Id.*

19.     Dollar Tree is the only named defendant named in this Action.  The presence of Doe defendants has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(b)(1) ("In

determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

20.     Accordingly, no named defendant is a citizen of California, in which state this Action was filed, and there is complete diversity of citizenship between the parties.

## THE PROPOSED CLASS MEMBERS NUMBER IS AT LEAST 100

21.     Using its employment data, Dollar Tree determined that 12,863 non-exempt associates were hired in California who received at least one wage statement after September 9, 2022.  Whitemore Decl., ¶ 6.  Given that this time period encompasses only a portion of Plaintiff's pleaded four-year period for the "Non-Exempt Employee Class," Dollar Tree has had at least 12,863 non-exempt associates at its store locations in the State of California during the relevant time period.  *See* Whitemore Decl. at ¶ 6.  Accordingly, the requirement that the proposed class members number be at least 100 is satisfied.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

22.     Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).  In this case, the Complaint is silent as to the amount in controversy.  A defendant seeking removal of a putative class action need only demonstrate, "by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."  *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

23.     As reflected below, the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

24.     California Labor Code section 226(a) requires an employer to furnish an employee with an accurate, itemized wage statement at the time of the payment of wages, and the wage statement must list accurately gross wages earned, total hours worked, net wages earned, and applicable hourly rates in effect (among other things).  Cal. Lab. Code § 226(a).  California Labor Code section 226(e), in turn, creates statutory penalties for a knowing and intentional failure to issue a proper wage statement if the failure injures the employee.  *Id.* § 226(e).  Those statutory penalties are $50 per employee for the initial

pay period in which a wage-statement violation occurs and $100 per employee for each violation in a subsequent pay period. *Id.* The penalties are capped at $4,000 per employee. *Id.*

25. Plaintiff purports to bring a claim for statutory penalties pursuant to California Labor Code section 226 on behalf of herself and a "Wage Statement Class" comprising "[a]ll current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements." Compl. ¶¶ 25, 81, 85.

26. Plaintiff alleges that "Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, including but not limited to, all earned wages at all applicable rates of pay and premium wages for owed and missed meal and rest periods. Defendants' practices resulted and continued to result in, the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the itemization requirements." Comp. ¶ 82. Thus, Plaintiff's allegations for her derivative wage statement claim place all wage statements to California non-exempt associates at issue within the one-year relevant time period.

27. Dollar Tree calculated wage statement statutory penalties placed at issue by the Complaint as follows:

    a. Using its payroll data, Dollar Tree determined that there were approximately 325,465 wage statements issued to non-exempt Dollar Tree associates in California from September 9, 2022 and October 20, 2023. Whitemore Decl., ¶ 4. Dollar Tree determined that approximately 10,247 wage statements were issued to non-exempt Dollar Tree associates in California on September 9, 2022. Whitemore Decl., ¶ 5. Furthermore, as discussed above, Dollar Tree also determined that 12,863 non-exempt associates were hired in California who received at least one wage statement after September 9, 2022. Whitemore Decl., ¶ 6.

    b. Dollar Tree then applied the $50 and $100 penalty scheme from California Labor Code section 226(e).

        i. To determine the total number and amount in controversy calculation for "initial pay period" wage statements at issue, given the nature of Plaintiff's claims in the

Complaint, Dollar Tree added the approximate number of wage statements issued to non-exempt Dollar Tree associates in California *on* September 9, 2022 (10,247) to the number of non-exempt associates hired in California who received a wage statement *after* September 9, 2022 (12,863). This equals 23,110. Dollar Tree then multiplied that number by $50, which amounts to $1,155,500.

ii. To determine the total number and amount in controversy calculation for "subsequent pay period" wage statements at issue, given the nature of Plaintiff's claims in the Complaint, Dollar Tree took the approximate number of wage statements issued to non-exempt Dollar Tree associates in California from September 9, 2022 and October 20, 2023 (325,465) and subtracted the total number of first wage statements calculated in (i) above (23,110). This leaves 302,355 wage statements. Dollar Tree multiplied that number by $100, which amounts to $30,235,500.

iii. To determine the amount in controversy calculation for wage statements at issue, given the nature of Plaintiff's claims in the Complaint, Dollar Tree added the "initial pay period" wage statement violations amount and the "subsequent pay period" wage statement violations amount ($1,155,500 + $30,235,500). That total amount is $31,391,000.

iv. The $4,000 cap per associate does not apply, given that only 14 months have passed since the start of the limitations period. The maximum potential wage statement penalty for any single associate, employed and receiving a wage statement biweekly between September 2022 and October 2023, would be approximately $2,800.

28. Accordingly, using just one of Plaintiff's causes of action pleaded (the Seventh Cause of Action) the amount in controversy clearly exceeds the jurisdictional threshold under CAFA.

29. In setting forth this calculation, Dollar Tree does not admit that Plaintiff or any other person were not provided accurate, itemized wage statements or that Dollar Tree is liable to Plaintiff or

any other person in any amount or for any relief.  On the contrary, Dollar Tree denies that it is liable to

Plaintiff or any other person in any amount and for any relief.

30.     Based on the foregoing, all requirements under 28 U.S.C. section 1332(d) are satisfied

and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction under

CAFA.


DATED:  October 24, 2023                          ELENA R. BACA
                                                 RYAN D. DERRY
                                                 JENNIFER MILAZZO
                                                 PAUL HASTINGS LLP


                                                 By: _____
                                                          RYAN D. DERRY

                                                 Attorneys for Defendant
                                                 DOLLAR TREE STORES, INC.

DOLLAR TREE STORES, INC.'S NOTICE OF
                                                 REMOVAL OF CIVIL ACTION

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:** DOLLAR TREE STORES, INC., a Virginia
*(AVISO AL DEMANDADO):* corporation; and DOES 1 through 100,
Inclusive


**YOU ARE BEING SUED BY PLAINTIFF:** NICOLE HILL, on behalf of
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* herself and all others
similarly situated

</td>
<td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
9/1/2023 6:01 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV422347
Reviewed By: A. Montes
Envelope: 12925845

</td>
</tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Clara
191 North Street
San Jose, California 95113

</td>
<td>

CASE NUMBER:
*(Número del Caso):* 23CV422347

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Michael Nourmand, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard, Beverly Hills, California 90211                                                (310) 553-3600

<table>
<tr>
<td>DATE:<br>*(Fecha)*9/1/2023 6:01 PM</td>
<td>Clerk of Court</td>
<td>Clerk, by<br>*(Secretario)* A. Montes</td>
<td>, Deputy<br>*(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DOLLAR TREE STORES, INC., A VIRGINIA CORPORATION

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

E-FILED
9/1/2023 6:01 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV422347
Reviewed By: A. Montes

Michael Nourmand, Esq. (SBN 198439)
James A. De Sario, Esq. (SBN 262552)
Ivan P. Medina, Esq. (SBN 323360)
**THE NOURMAND LAW FIRM, APC**
8822 West Olympic Boulevard
Beverly Hills, California 90211
Telephone (310) 553-3600
Facsimile  (310) 553-3603

Attorneys for Plaintiff,
NICOLE HILL, on behalf
of himself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| NICOLE HILL, on behalf of herself and all others similarly situated | CASE NO.: 23CV422347 |
| Plaintiffs, | CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION |
| v. | 1.  FAILURE TO PAY OVERTIME WAGES; |
| DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 100, Inclusive | 2.  FAILURE TO PAY MINIMUM WAGE; |
| Defendants. | 3.  FAILURE TO PAY SICK LEAVE; |
| | 4.  FAILURE TO PROVIDE MEAL PERIODS; |
| | 5.  FAILURE TO PROVIDE REST PERIODS; |
| | 6.  FAILURE TO PAY ALL WAGES UPON TERMINATION; |
| | 7.  FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS; and |
| | 8.  VIOLATION OF LABOR CODE § 212 |
| | 9.  UNFAIR COMPETITION |
| | DEMAND FOR JURY TRIAL |

///

1

COMES NOW plaintiff NICOLE HILL (hereinafter "Ms. Hill" and/or "Plaintiff") on behalf of himself and all others similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1.    This is a Class Action, pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by DOLLAR TREE STORES, INC. ("DOLLAR TREE") and any subsidiaries or affiliated companies (hereinafter referred to as "Defendants"), within the State of California.

2.    For at least four (4) years prior to the filing of this action and through to the present, Defendants on multiple occasions have had a pattern and practice of failing to pay wages for all time worked, including overtime wages, as a result of requiring Plaintiff and other non-exempt employees to perform work duties off the clock during their meal periods and after the end of their work shifts, including but not limited to receiving orders from merchant vendors and making cash transaction deposits on behalf of employer at a nearby bank.

3.    For at least four (4) years prior to the filing of this action and through to the present, Defendants on multiple occasions have had a pattern and practice of failing to pay overtime wages to Plaintiff and other non-exempt employees in the State of California, as a result of Defendants' failure to include all forms of remuneration, including but not limited to shift differential pay, in determining the regular rate of pay for overtime purposes.

4.    For at least four (4) years prior to the filing of this action and through to the present, Defendants on multiple occasions have had a pattern and practice of failing to pay sick leave/PTO at the regular rate of pay to Plaintiff and other non-exempt employees in the State of California, as a result of Defendants' failure to include all forms of remuneration, including but not limited to non-discretionary bonus pay, when determining the regular rate of pay for purposes of sick leave pay.

5.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants on multiple occasions have had a pattern and practice of failing to provide Plaintiff and other similarly situated employees or former employees within the State of California

CLASS ACTION COMPLAINT

1  a thirty (30) minute uninterrupted meal period for days on which the employees worked more than

2  five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods for days on

3  which the employees worked in excess of ten (10) hours in a work day, and failing to provide

4  compensation at the regular rate of pay for such unprovided meal periods as required by California

5  wage and hour laws.

6      6.     For at least four (4) years prior to the filing of this action and continuing to the

7  present, Defendants on multiple occasions have had a pattern and practice of failing to provide

8  Plaintiff and similarly situated employees or former employees within the State of California rest

9  periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing

10  to provide compensation at the regular rate of pay for such unprovided rest periods as required by

11  California wage and hour laws.

12      7.     For at least four (4) years prior to the filing of this action and continuing to the

13  present, Defendants on multiple occasions have had a pattern and practice of requiring Plaintiff

14  and other similarly situated employees or former employees to incur fees to withdraw wages from

15  their employer issued debit cards in direct violation of Labor Code §212.

16      8.     For at least three (3) years prior to the filing of this action and continuing

17  through the present, Defendants on multiple occasions have failed to pay Plaintiff and other

18  similarly situated employees the full amount of their wages owed to them upon termination and/or

19  resignation as required by Labor Code §§ 201 or 202.

20      9.     For at least one (1) year prior to the filing of this action and continuing

21  through the present, Defendants on multiple occasions have failed to issue Plaintiff and other

22  similarly situated employees accurate wage statements as required by Labor Code § 226.

23      10.    Plaintiff, on behalf of herself and all other similarly situated employees, brings this

24  action pursuant to, including but not limited to, California Labor Code §§ 200, 201, 202, 203, 212

25  233, 226, 226.7, 246, 246.5, 510, 512, 1194, 1194.2, 1197 and California Code of Regulations,

26  Title 8, §11070, seeking unpaid wages, including overtime wages, unpaid sick leave pay, premium

27  wages for non-compliant meal and rest periods, penalties, and reasonable attorney's fees and costs.

28  ///

11.    Plaintiff, on behalf of herself and all other similarly situated employees, pursuant to California Business & Professions Code §§17200-17208 also seeks all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

## PARTIES

### A.    Plaintiff

12.    Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure §395. Defendants operate and do business in California, and each defendant is within the jurisdiction of this court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California. Defendants employ numerous Class Members in the State of California.

13.    Plaintiff, Ms. Hill, is a resident of the State of California. At all relevant times herein, she has been employed by Defendants as a non-exempt employee in California.

### B.    Defendants

14.    Defendant, DOLLAR TREE, a Virginia corporation, operates a large chain of discount retail stores with over 500 locations within the State of California. DOLLAR TREE employed Plaintiff and similarly situated non-exempt employees within the State of California.

15.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

16.    Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respect pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in al! respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

4

CLASS ACTION COMPLAINT

# FACTUAL BACKGROUND

17.    For at least four (4) years prior to the filing of this action and through to the present, Defendants on multiple occasions have had a pattern and practice of failing to pay wages for all time worked, including overtime wages, as a result of requiring Plaintiff and other non-exempt employees to perform work duties off the clock during their meal periods and after the end of their work shifts, including but not limited to receiving orders from merchant vendors and making cash transaction deposits on behalf of employer at a nearby bank.

18.    For at least four (4) years prior to the filing of this action and through to the present Defendants on multiple occasions have had a pattern and practice of failing to pay overtime wages to Plaintiff and other non-exempt employees in the State of California, as a result of Defendants' failure to include all forms of remuneration, including but not limited to shift differential pay, in determining the regular rate of pay for overtime purposes.

19.    For at least four (4) years prior to the filing of this action and through to the present Defendants on multiple occasions have had a pattern and practice of failing to pay sick leave to Plaintiff and other non-exempt employees in the State of California, as a result of Defendants' failure to include all forms of remuneration, including but not limited to shift differential pay, when determining the regular rate of pay for purposes of sick leave pay.

20.    Defendants have had a pattern and practice of on multiple occasions failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods for days on which the employees worked in excess of ten (10) hours in a work day, and on multiple occasions failing to provide compensation at the regular rate of pay for such unprovided meal periods.

21.    Defendants have had a pattern and practice of on multiple occasions failing to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and on multiple occasions failing to provide compensation at the regular rate of pay for

1 such unprovided rest periods as required by California wage and hour laws.

2        22.    Plaintiff and other similarly situated employees or former employees at all times

3 pertinent hereto were not exempt from the overtime, sick pay, and meal break and rest break

4 provisions of California law, and the implementing rules and regulations of the IWC California

5 Wage Orders.

6        23.    Defendants have failed to comply with <u>Labor Code</u> §226(a) by not providing

7 itemized wage statements accurately showing, including but not limited to, pay due and owing for

8 failure to pay overtime wages, sick leave, and meal and rest premium wages as described herein.

9        24.    At the time Plaintiff's employment and the employment of other former employees

10 of Defendants ended, Defendants willfully failed to pay overtime wages, sick leave, and meal and

11 rest premium wages as described herein.

12                              **CLASS ACTION ALLEGATIONS**

13        25.    Plaintiff brings this action on behalf of himself, and all others similarly situated,

14 as a class action pursuant to California <u>Code of Civil Procedure</u> §382.  Plaintiff seeks to represent

15 five  Classes composed of and defined as follows:

         **Non-Exempt Employee Class**

         All current and former employees of Defendants within the State of California at
         any time commencing four (4) years preceding the filing of Plaintiff's complaint up
         until the time that notice of the class action is provided to the class (collectively
         referred to as "Non-Exempt Employee Class").

         **Meal Period Class**

         All current and former employees of Defendants within the State of California at
         any time commencing four (4) years preceding the filing of Plaintiff's complaint up
         until the time that notice of the class action is provided to the class, who worked
         shifts of 5 hours or more (collectively referred to as "Meal Period Class").

         **Rest Period Class**

         All current and former employees of Defendants within the State of California at
         any time commencing four (4) years preceding the filing of Plaintiff's complaint up
         until the time that notice of the class action is provided to the class, who worked
         shifts of 4 hours or more (collectively referred to as "Rest Period Class").

         **Late Pay Class**

         All former employees of Defendants within the State of California at any time
         commencing three (3) years preceding the filing of Plaintiff's complaint up until the

6

time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment (collectively referred to as "Late Pay Class").

**Wage Statement Class**

All current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wage Statement Class").

26.     Plaintiff reserves the right under California Rules of Court Rule 3.765(b), to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

27.     This action has been brought and may properly be maintained as a class action under the provisions of California Code of Civil Procedure §382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.     Numerosity**

28.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that there are over 100 Class Members employed by Defendants within the State of California.

29.     Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.     Commonality**

30.     There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

(1)     Did Defendants violate Labor Code §1194 by not compensating Class Members overtime wages?

(2)     Did Defendants violate Labor Code §§ 1194 and 1197 by not paying Class Members minimum wages for all hours worked?

7

(3)   Did Defendants violate <u>Labor Code</u> § 512 by not providing Class Members with meal periods?

(4)   Did Defendants violate <u>Labor Code</u> § 226.7 by not providing Class Members additional wages at the regular rate of pay for missed or interrupted meal periods?

(5)   Did Defendants violate <u>Labor Code</u> §226.7 by not providing Class Members additional wages at the regular rate of pay for missed rest periods?

(6)   Did Defendants violate <u>Labor Code</u> §§ 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

(7)   Are Defendants liable to Class Members for penalty wages under <u>Labor Code</u> § 203?

(8)   Did Defendants violate <u>Labor Code</u> § 226(a) by not furnishing Class Members with accurate wage statements?

(9)   Did Defendants violate the Unfair Competition Law, <u>Business and Professions Code</u> §17200, *et seq.*, by its unlawful practices as alleged herein?

(10)   Did Defendants violate <u>Labor Code</u> §§233, 246, and 246.5 by not paying Class Members for sick leave at the regular rate of pay?

(11)   Did Defendants violate <u>Labor Code</u> §212 by issuing payment of wages to Class Members using an instrument that caused them to incur withdrawal fees?

(10)   Are Class Members entitled to attorney's fees?

(11)   Are Class Members entitled to interest?

**C.**   **Typicality**

31.   The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions.  Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of

1  conduct in violation of laws and regulations that have the force and effect of law and statutes as

2  alleged herein.

3      **D.    Adequacy of Representation**

4      32.    Plaintiff will fairly and adequately represent and protect the interests of the

5  members of the Classes.  Counsel who represents Plaintiff is competent and experienced in

6  litigating wage and hour class actions.

7      **E.    Superiority of Class Action**

8      33.    A class action is superior to other available means for the fair and efficient

9  adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

10  questions of law and fact common to the Class predominate over any questions affecting only

11  individual members of the Class.  Each member of the Class has been damaged and is entitled to

12  recovery by reason of Defendants' illegal pattern and practice of on multiple occasions failing to

13  pay overtime wages, failing to pay sick leave, failing to provide meal and rest breaks or

14  compensation in lieu thereof, failing to provide accurate itemized wage statements and failing to

15  pay all wages due upon termination and/or resignation, as described herein.

16      34.    Class action treatment will allow those similarly situated persons to litigate their

17  claims in the manner that is most efficient and economical for the parties and the judicial system.

18  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

19  action that would preclude its maintenance as a class action.

20                          **FIRST CAUSE OF ACTION**

21                      **FAILURE TO PAY OVERTIME WAGES**

22                  **(By Plaintiff and the Class Against All Defendants)**

23      35.    Plaintiff realleges and incorporates by reference all of the allegations contained in

24  the preceding paragraphs of this Complaint as though fully set forth herein.

25      36.    At all times relevant to this complaint, California Labor Code §510 was in effect

26  and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours

27  in one workday and any work in excess of forty hours in any one workweek . . . shall be

28  compensated at the rate of no less than one and one-half times the regular rate of pay for an

1  employee." Overtime pay is computed based on the regular rate of pay. The regular rate
2  of pay includes many different kinds of remuneration. Under California law, the determination of
3  regular rate of pay for purposes of determining overtime pay must include the employee's
4  commissions, bonuses, shift differential pay, or other non-hourly compensation.

5       37.    At all times herein mentioned, Plaintiff and Non-Exempt Employee Class worked
6  for Defendants during shifts that consisted of more than eight hours in a work day and/or more than
7  forty hours in a workweek and were not paid overtime wages for all hours worked as a result of
8  requiring Plaintiff and other non-exempt employees to perform work duties off the clock during
9  their meal periods and after the end of their work shifts, including but not limited to receiving
10 orders from merchant vendors and making cash transaction deposits on behalf of employer at a
11 nearby bank.

12      38.    At all times herein mentioned, Plaintiff and Non-Exempt Employee Class, on
13 multiple occasions worked for Defendants during shifts that consisted of more than eight hours in a
14 work day and/or more than forty hours in a work week while concurrently earning other forms of
15 remuneration and, on multiple occasions, employees have not been paid overtime wages as a result
16 of Defendants' failure to include all forms of remuneration, including but not limited to shift
17 differential pay, in determining the regular rate of pay for overtime purposes.

18      39.    Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in
19 excess of eight hours per day and/or forty hours per week and without properly compensating
20 overtime wages, as described herein, Defendants willfully violated the provisions of Labor Code
21 §1194.

22      40.    As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt
23 Employee Class have been deprived of overtime wages in an amounts to be determined at trial, and
24 are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and
25 costs, pursuant to Labor Code §§1194 and 1199; Code of Civil Procedure §1021.5; and Civil Code
26 §3287.

27 ///
28 ///

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(By Plaintiff and the Class Against All Defendants)**

41.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42.    At all relevant times, Plaintiff and the members of the Non-Exempt Employee Class were employees of Defendants covered by Labor Code §1197 and applicable Wage Orders.

43.    Pursuant to Labor Code §1197 and applicable Wage Orders, Plaintiff and the members of the Non-Exempt Employee Class were entitled to receive minimum wages for all hours worked.

44.    At all times herein mentioned, to the extent that Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that were less than eight hours in a work day and/or less than forty hours in a work week, on multiple occasions these employees have not been paid minimum wage, as a result of not being paid compensation for all hours worked, as described herein.

45.    Defendants' failure to pay Plaintiff and members of the Non-Exempt Employee Class minimum wages for all hours worked, as described herein, is in violation of Labor Code §1197 and applicable Wage Orders.  As a result of Defendants' pattern and practice, Plaintiff and members of the Non-Exempt Employee Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

46.    Pursuant to Labor Code §§ 1194 and 1194.2 Plaintiff and members of the Non-Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorneys' fees, and costs of suit.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY SICK LEAVE**

**(By Plaintiff and the Class Against All Defendants)**

47.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

11

48.     At all times relevant to this Complaint, <u>Labor Code</u> § 246(l) was in effect, which requires that employers pay sick time pay to non-exempt employees at the employee's "regular rate of pay." Under California law, the determination of regular rate of pay for purposes of determining sick leave pay must include the employee's commissions, bonuses, shift differential pay or other non-hourly compensation.

49.     At all times herein mentioned, Plaintiff and Non-Exempt Employee Class on multiple occasions accumulated and were paid sick leave by Defendants, including but not limited to sick pay and "PTO", and on these multiple occasions employees have not been paid all accrued sick leave pay as a result of Defendants' pattern and practice of failing to include all forms of remuneration, including but not limited to shift differential pay, in determining the regular rate of pay for purposes of sick leave pay.

50.     <u>Labor Code</u> § 233 provides that "any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5."

51.     At all times herein mentioned, Defendants intentionally and willfully failed to pay Plaintiff and the Non-Exempt Employee Class their sick leave at the regular rate of pay. Accordingly, Plaintiff and the Non-Exempt Employee Class did not receive the full amount of paid sick leave that they were entitled to receive by law, and therefore were denied the right to use sick leave within the meaning of <u>Labor Code</u> §§ 233(a) and ( c).

52.     Any employer who violates <u>Labor Code</u> § 233 is liable to employees for the greater of one days' pay or actual damages, reasonable equitable relief and reasonable attorney's fees and costs.

53.     As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt Employee Class have been deprived of sick leave pay in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, pursuant to <u>Labor Code</u> §§233, 246, 246.5, 558 and 2698; <u>and Code of Civil Procedure</u> §1021.5;

CLASS ACTION COMPLAINT

1  and <u>Civil Code</u> §3287.

## FOURTH CAUSE OF ACTION

### <u>FAILURE TO PROVIDE MEAL PERIODS</u>

#### (By Plaintiff and the Class Against All Defendants)

54.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

55.    Pursuant to <u>Labor Code</u> §512, no employer shall employ an employee for a work period of more than five (5) hours without a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Plaintiff and other members of the Meal Period Class were on multiple occasions were not provided with requisite meal periods as contemplated under the law since employees would be prevented and discouraged by workplace interruptions which caused missed, short and late meal periods.

56.    Pursuant to <u>Labor Code</u> §226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

57.    By their failure on multiple occasions to provide Plaintiff and members of the Meal Period Class with the meal periods contemplated by California law, and failing to provide compensation for such unprovided meal periods at the regular rate of pay, as alleged above, Defendants willfully violated the provisions of <u>Labor Code</u> §512 and applicable Wage Orders.

58.    As a result of Defendants' unlawful conduct Plaintiffs and the other members of the Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid premium wages at the regular rate of pay, owed for missed meal periods.

59.    Plaintiff and the other members of the Meal Period Class are entitled to recover the full amount of their unpaid additional premium pay for missed meal periods.  Pursuant to <u>Code of</u>

13

1  Civil Procedure §1021.5, Plaintiff and the other members of the Meal Period Class are entitled to

2  recover reasonable attorney's fees and costs of suit.

3       60.    Pursuant to Civil Code § 3287(a), Plaintiff and other members of the Meal Period

4  Class are entitled to recover prejudgment interest on the additional premium pay owed for missed

5  meal periods.

6  **FIFTH CAUSE OF ACTION**

7  **FAILURE TO PROVIDE REST PERIODS**

8  **(By Plaintiff and the Class Against All Defendants)**

9       61.    Plaintiff realleges and incorporates by reference all of the allegations contained in

10  the preceding paragraphs of this Complaint as though fully set forth herein.

11       62.    California law and applicable Wage Orders require that employers "authorize and

12  permit" employees to take paid 10 minute rest periods in about the middle of each 4-hour work

13  period "or major fraction thereof." Accordingly, employees who work shifts of 3 ½ to 6 hours must

14  be provided 10 minutes of paid rest period, employees who work shifts of more than 6 and up to 10

15  hours must be provided with 20 minutes of paid rest period, and employees who work shifts of

16  more than 10 hours must be provided 30 minutes of paid rest period. Plaintiff and other members

17  of the Rest Period Class on multiple occasions were not provided with requisite rest periods as

18  contemplated under the law.

19       63.    Pursuant to Labor Code §226.7, if an employer fails to provide an employee with a

20  meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

21  Commission, the employer shall pay the employee one additional hour of pay at the employee's

22  regular rate of compensation for each work day that the meal period or rest period is not provided.

23       64.    By their failure on multiple occasions to provide Plaintiff and other members of the

24  Rest Period Class with the rest periods contemplated by California law, and failing to provide

25  compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the

26  provisions of Labor Code §226.7 and applicable Wage Orders.

27       65.    As a result of Defendants' unlawful conduct Plaintiff and the other members of the

28  Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not

CLASS ACTION COMPLAINT

1  paid additional premium pay, at the regular rate of pay, owed for missed rest periods.

2      66.    Plaintiff and the other members of the Rest Period Class are entitled to recover the

3  full amount of their unpaid additional premium pay for missed rest periods.  Pursuant to Code of

4  Civil Procedure §1021.5, Plaintiff and the other members of the Rest Period Class are entitled to

5  recover reasonable attorney's fees and costs of suit.

6      67.    Pursuant to Civil Code § 3287(a), Plaintiff and other members of the Rest Period

7  Class are entitled to recover prejudgment interest on the additional pay owed for missed rest

8  periods.

9                          **SIXTH CAUSE OF ACTION**

10                  **FAILURE TO PAY ALL WAGES UPON TERMINATION**

11                  **(By Plaintiff and the Class Against All Defendants)**

12      68.    Plaintiff realleges and incorporates by reference all of the allegations contained in

13  the preceding paragraphs of this Complaint as though fully set forth herein.

14      69.    At all relevant times, Plaintiff and other members of the Late Pay Class were

15  employees of Defendants covered by Labor Code §§ 201 and 202.

16      70.    Pursuant to Labor Code §§ 201 or 202, Plaintiff and other members of the Late Pay

17  Class were entitled upon termination to timely payment of all wages earned and unpaid prior to

18  termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior

19  to discharge immediately upon termination.  Employees who resigned were entitled to payment of

20  all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation

21  or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and

22  unpaid at the time of resignation.

23      71.    Defendants failed to pay Plaintiff and other members of the Late Pay Class all

24  wages earned and unpaid prior to termination in accordance with Labor Code §§ 201 or 202.

25  Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that

26  within the applicable limitations period, Defendants on multiple occasions had a pattern and

27  practice of not paying upon termination, the wages owed to them as a consequence of failing to pay

28  non-exempt employees for all earned wages, as described herein.

CLASS ACTION COMPLAINT

72. Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with Labor Code §§ 201 and 202 was wilful. Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination in accordance with Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§ 201 and 202.

73. Pursuant to Labor Code §§ 201 and 202 Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

74. Pursuant to Labor Code § 203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days.

75. As a result of Defendants' unlawful conduct Plaintiff and other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination.

76. As a result of Defendants' unlawful conduct Plaintiff and the other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid all penalty wages owed under Labor Code § 203.

77. Pursuant to Labor Code §§ 218 and 218.5, Plaintiff and the other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code § 203, reasonable attorney's fees, and costs of suit. Pursuant to Labor Code § 218.6 or Civil Code § 3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(By Plaintiff and the Class Against All Defendants)**

78. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

79. At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code § 226.

16

80.     Pursuant to Labor Code § 226(a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

81.     Defendants failed to provide Plaintiff and the other members of the Wage Statement Class accurate itemized wage statements in accordance with Labor Code § 226(a).

82.     Plaintiff and the other members of the Wage Statement Class are informed and believe and thereon allege that at all relevant times, Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, including but not limited to, all earned wages at all applicable rates of pay and premium wages for owed for missed meal and rest periods.  Defendants' practices resulted and continue to result in, the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the itemization requirements.

83.     Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate Wage Statements was knowing and intentional.  Defendants had the ability to provide Plaintiff and the other members of the Wage Statement Class with accurate Wage Statements, but intentionally provided wage statements that Defendants knew were not accurate.

84.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Wage Statement Class have suffered injury.  The absence of accurate information on their wage statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

85.     Pursuant to Labor Code § 226(e) Plaintiff and other members of the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code § 226 occurred and $100 for each violation of Labor Code § 226 in a

17

CLASS ACTION COMPLAINT

1  subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

2       86.      Pursuant to Labor Code § 226(e) and § 226(g), Plaintiff and the other members of

3  the Wage Statement Class were entitled to recover the full amount of penalties due under Labor

4  Code § 226(e) reasonable attorney's fees and costs of suit.

5                    **EIGHTH CAUSE OF ACTION**

6                  **VIOLATION OF LABOR CODE § 212**

7           **(By Plaintiff and Class Members Against All Defendants)**

8       87.      Plaintiff alleges and incorporates by reference all of the allegations contained in the

9  preceding paragraphs of this Complaint as though fully set forth herein.

10      88.      At all relevant times, Plaintiff and the members of the Non-Exempt Employee

11 Class were employees of Defendants covered by Labor Code § 212.

12      89.      Pursuant to Labor Code § 212, "No person, or agent or officer thereof, shall issue

13 in payment of wages due, or to become due, or as an advance on wages to be earned: Any order,

14 check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable

15 and payable in cash, on demand, without discount, at some established place of business in the

16 state, the name and address of which must appear on the instrument, and at the time of its issuance

17 and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has

18 sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment."

19      90.      Plaintiff and other members of the Non-Exempt Employee Class are informed and

20 believe and thereon allege that at all relevant times, Defendants maintained and continue to

21 maintain a policy and practice of issuing payment of wages to employees using debit cards which

22 resulted in the discount of fees from their earned wages in direct violation of Labor Code §212.

23      91.      Plaintiff and other members of the Non-Exempt Employee Class are entitled to

24 restitution of any withdrawal fees incurred as a result of accessing earned wages from their

25 employer provide payroll debit cards, plus reasonable attorneys fees and costs of suit.

26 ///

27 ///

28 ///

---

18

### NINTH CAUSE OF ACTION

### <u>UNFAIR COMPETITION</u>

#### (By Plaintiff and Class Members Against All Defendants)

92.   Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

93.   The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of <u>Business & Professions Code</u> § 17200.  Due to their unlawful business practices in violation of the <u>Labor Code</u>, Defendants have gained a competitive advantage over other comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the <u>Labor Code</u>.

94.   As a result of Defendants' unfair competition as alleged herein, Plaintiff and similarly situated Class Members have suffered injury in fact and lost money or property.  Plaintiff and similarly situated Class Members have been deprived from not being compensated overtime wages, from not being compensated all accrued sick pay, and from not being provided with meal and rest breaks or compensation in lieu thereof, as described herein.

95.   Pursuant to <u>Business & Professions Code</u> § 17203 Plaintiff and similarly situated Class Members are entitled to restitution of all wages and other monies owed to them under the <u>Labor Code</u>, including interest thereon, in which they had a property interest which Defendants failed to pay them but withheld and retained for themselves.  Restitution of the money owed to Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the <u>Labor Code</u>.

96.   Plaintiff and similarly situated Class Members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of <u>Civil Procedure</u> § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

///
///
///
///

CLASS ACTION COMPLAINT

## PRAYER

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A.     An order certifying that Plaintiff may pursue his claims against Defendants as a class action on behalf of the Class Members;

B.     An order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.     Penalties for inaccurate wage statements under Labor Code §226(e);

D.     Damages for unpaid wages under Labor Code §§201 or 202;

E.     Damages for unpaid penalty wages under Labor Code §203;

F.     Damages for unpaid wages for missed meal periods under Labor Code §226.7;

G.     Damages for unpaid wages for missed rest periods under Labor Code §226.7;

H.     Damages for premium wages;

I.     Damages for unpaid overtime wages under Labor Code §1194;

J.     Restitution under Business and Professions Code §17203;

K.     Damages for unpaid sick leave under Labor Code §§233, 246, and 246.5;

L.     Pre-judgment interest;

M.     Costs;

N.     Reasonable attorney's fees; and

O.     Such other and further relief as the Court deems just and proper

DATED: September 1, 2023                    THE NOURMAND LAW FIRM, APC

                                            By: _____
                                            Michael Nourmand, Esq.
                                            James A. De Sario, Esq.
                                            Ivan P. Medina, Esq.
                                            Attorneys for Plaintiff

# EXHIBIT B

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael Nourmand, Esq.; Ivan P. Medina, Esq.    SBN: 198439; 323360
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard, Beverly Hills, California 90211
TELEPHONE NO.:(310) 553-3600         FAX NO. *(Optional):* (310) 553-3603
E-MAIL ADDRESS
ATTORNEY FOR *(Name):* Plaintiff, Nicole Hill

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North Street
MAILING ADDRESS: 191 North Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court

CASE NAME: Nicole Hill, et al. v. Dollar Tree Stores, Inc., et al.

**FOR COURT USE ONLY**

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/1/2023 6:01 PM
Reviewed By: A. Montes
Case #23CV422347
Envelope: 12925845**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 23CV422347 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 9
5. This case [X] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 1, 2023
Ivan P. Medina, Esq.
_____
(TYPE OR PRINT NAME)                          ▶ _____
                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

GZJ KDKV'E

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* Santa Clara - Civil

James De Sario, Esq.
The Nourmand Law Firm, APC
8822 West Olympic Boulevard   Beverly Hills, CA 90211

TELEPHONE NO.: (310) 553-3600 | FAX NO. (310) 553-3603 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name):* Plaintiff:

FOR COURT USE ONLY

R. Fleming

**SANTA CLARA SUPERIOR COURT**
 STREET ADDRESS: 191 N. FIRST ST.
 MAILING ADDRESS:
 CITY AND ZIP CODE: SAN JOSE, CA 95113
 BRANCH NAME: CIVIL-NORTH & CENTRAL COUNTY

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 10/3/2023 2:09 PM
Reviewed By: R. Fleming
Case #23CV422347
Envelope: 13193907**

PLAINTIFF:  Nicole Hill, on behalf of herself and all others similarly situated

DEFENDANT:  Dollar Tree Stores, Inc., a Virginia corporation; and DOES 1 through 100, Inclusive

CASE NUMBER:

23CV422347

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: Nicole Hill |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☐ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*:  **Class Action Complaint; Civil Case Cover Sheet**
3. a. Party served *(specify name of party as shown on documents served)*:
   **Dollar Tree Stores, Inc., a Virginia corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
      item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **Nicole Stauss, Authorized to Accept Service of Process for CSC Lawyers, Inc.  - Agent for Service of Process**
         **Age: 30yrs Race: Black Sex: Female Height: 5'11 Weight: 300lbs Hair: black Eyes:**
4. Address where the party was served:  **2710 GATEWAY OAKS DRIVE,  SUITE 150N
                                          SACRAMENTO, CA 95833**

5. I served the party *(check proper box)*
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party (1) on *(date):* 9/25/2023   (2) at *(time):* **2:32 PM**

   b. ☐  **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
             person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
             abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address
             of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the
             general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
             place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
             *(date):* from *(city):*              **or** ☐ a declaration of mailing is attached.

      (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/812497

| | CASE NUMBER: |
|---|---|
| PETITIONER: Nicole Hill, on behalf of herself and all others similarly situated | 23CV422347 |
| RESPONDENT: Dollar Tree Stores, Inc., a Virginia corporation; and DOES 1 through 100, Inclusive | |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Dollar Tree Stores, Inc., a Virginia corporation**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Katrina Williams - All-N-One Legal Support, Inc.**

b. Address: **1541 Wilshire Blvd, Suite 405  Los Angeles, CA 90017**

c. Telephone number: **(213) 202-3990**

d. **The fee for service was: $ 93.50**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

        (i) ☐ owner   ☐ employee   ☑ independent contractor.

        (ii) Registration No.: **2015-10**

        (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/28/2023**

**All-N-One Legal Support, Inc.**
**1541 Wilshire Blvd, Suite 405**
**Los Angeles, CA 90017**
**(213) 202-3990**
**www.allnonelegal.com**

| **Katrina Williams** | ▶ | *(signature)* |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | (SIGNATURE) |

# EXHIBIT D

1  PAUL HASTINGS LLP
   ELENA R. BACA (SB# 160564)
2  elenabaca@paulhastings.com
   JENNIFER MILAZZO (SB# 318356)
3  jennifermilazzo@paulhastings.com
   515 South Flower Street, 25th Floor
4  Los Angeles, CA  90071
   Telephone:  (213) 683-6000
5  Facsimile:  (213) 627-0705

6  PAUL HASTINGS LLP
   RYAN D. DERRY (SB# 244337)
7  ryanderry@paulhastings.com
   101 California Street, 48th Floor
8  San Francisco, CA  94111
   Telephone:  (415) 856-7000
9  Facsimile:  (415) 856-7100

10 Attorneys for Defendant
   DOLLAR TREE STORES, INC.
11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                         COUNTY OF SANTA CLARA

14

15 | NICOLE HILL, on behalf of herself and all | CASE NO. 23CV422347 |
   | others similarly situated,, | |
16 | | **DEFENDANT DOLLAR TREE** |
   | Plaintiffs, | **STORES, INC.'S ANSWER TO** |
17 | | **PLAINTIFF'S PUTATIVE CLASS** |
   | vs. | **ACTION COMPLAINT** |
18 | | |
   | DOLLAR TREE STORES, INC., a Virginia | Department:      20 |
19 | corporation; and DOES 1 through 100, | Judge:          Hon. Socrates P. Manoukian |
   | Inclusive,, | |
20 | | Complaint Filed:   September 1, 2023 |
   | Defendants. | Trial Date:        None Set |
21

22

23

24

25

26

27

28

TO PLAINTIFF NICOLE HILL AND TO HER ATTORNEYS OF RECORD:

Defendant Dollar Tree Stores, Inc. ("Dollar Tree"), for itself alone and no other defendant, hereby answers the unverified complaint ("Complaint") of Plaintiff Nicole Hill as follows:

1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Dollar Tree denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

2.      Dollar Tree further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Dollar Tree, or any of its past or present agents, representatives, or employees.

Without admitting any facts alleged by Plaintiff, Dollar Tree also pleads the following separate and affirmative defenses to the Complaint:

## **AFFIRMATIVE DEFENSES**

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE.

1.      The Complaint, its causes of action, and/or Plaintiff is barred by all applicable statutes of limitations, including, but not limited to, California Civil Procedure Code sections 338 and 340.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

2.      The Complaint and causes of action contained therein that are arbitrable are barred because Plaintiff agreed to submit any employment disputes on an individual basis to binding arbitration.  Therefore, Plaintiff cannot proceed on this matter as pleaded, and Plaintiff's class claims must be dismissed and this action must be dismissed or stayed pending individual arbitration.

1  | THIRD SEPARATE AND AFFIRMATIVE DEFENSE

2  |     3.     To the extent Plaintiff's claims arise from Dollar Tree's alleged failure to provide

3  | accurate, itemized wage statements, Plaintiff's claims are barred because there is no "knowing and

4  | intentional failure" to comply with California Labor Code section 226, and no injury was suffered

5  | as a result of any alleged knowing and intentional failure within the meaning of California Labor

6  | Code section 226(e).

FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

    4.     To the extent Plaintiff's claims arise from Dollar Tree's alleged failure to provide timely final pay, Plaintiff's claims are barred because any failure to pay wages was not willful within the meaning of California Labor Code section 203.

FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

    5.     Plaintiff waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

    6.     The Complaint, and each of its causes of action, are barred by the doctrine of unclean hands.

SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

    7.     The Complaint and its causes of action fail to allege facts constituting causes of action.

1       EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

2   8.  To the extent Plaintiff's claims arise from Dollar Tree's alleged failure to provide

3 meal and/or rest periods, Plaintiff's claims are barred because Plaintiff, and the employees she

4 seeks to represent, either verbally or in writing, waived some or all of their meal and/or rest

5 periods.

6

7       NINTH SEPARATE AND AFFIRMATIVE DEFENSE

8   9.  Plaintiff is not entitled to statutory damages or penalties because, at all times

9 relevant to the Complaint, any failure to comply with the provisions of the California Labor Code

10 or the applicable Wage Order, which Dollar Tree denies, was not knowing or intentional, but

11 rather was done in good faith and with reasonable grounds.

12

13       TENTH SEPARATE AND AFFIRMATIVE DEFENSE

14   10.  Plaintiff may not recover damages in this action because under the circumstances

15 presented that would constitute unjust enrichment.

16

17      ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

18   11.  Imposition of any penalties against Dollar Tree would be unjust, arbitrary and

19 capricious, and confiscatory.

20

21      TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

22   12.  Recovery of penalties is barred to the extent that the accumulation of penalties

23 would be so disproportionate to the harm alleged to violate due process under the Constitutions of

24 the United States and the State of California.

25

26      THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

27   13.  The Complaint and its causes of action are barred by the doctrine of laches.

28

1    WHEREFORE, Dollar Tree prays for judgment as follows:

2        1.    That Plaintiff take nothing by reason of her Complaint, that the Complaint be

3    dismissed in its entirety with prejudice, and that judgment be entered for Dollar Tree;

4        2.    That Dollar Tree be awarded its reasonable costs and attorneys' fees; and

5        3.    That Dollar Tree be awarded such other and further relief as the Court deems just

6    and proper.

7

8    DATED:  October 20, 2023                    PAUL HASTINGS LLP
                                                  ELENA R. BACA
9                                                 RYAN D. DERRY
                                                  JENNIFER MILAZZO
10

11

12                                                By: _____
                                                       RYAN D. DERRY
13
                                                  Attorneys for Defendant
14                                                Dollar Tree Stores, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOLLAR TREE STORES'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## **PROOF OF SERVICE**

2          I am employed in the City of San Francisco and County of San Francisco, State of
California.  I am over the age of 18, and not a party to the within action.  My business address is
3   101 California Street, Forty-Eighth Floor, San Francisco, California  94111.

4          On October 20, 2023, I served the foregoing document(s) described as:

5   **DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO PLAINTIFF'S
PUTATIVE CLASS ACTION COMPLAINT**

6

7   on the interested parties as follows:

8   Michael Nourmand, Esq.
James A. De Sario, Esq.
Ivan P. Medina, Esq.
9   THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard
10   Beverly Hills, California 90211
Telephone (310) 553-3600
11   Facsimile (310) 553-3603
mnourmand@nourmandlawfirm.com

12

13          ☒          **VIA ELECTRONIC MAIL:**

14          By personally emailing the aforementioned document(s) in PDF format to the
respective email address(es) listed above on October 20, 2023.  I did not receive an
15          electronic message indicating any errors in transmission.

16          ☒          **VIA U.S. MAIL:**

17          I deposited such sealed envelope(s) with postage thereon fully prepaid, in the
United States mail at San Francisco, California.

18

19          I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

20          Executed on October 20, 2023, at San Francisco, California.

21

22

23          _____
          */s/ Chris Altamirano*
          Chris Altamirano

24

25

26

27

28

GZJ KDKV'G

# EVENTS

Show 25 entries          Search: _____

| File Date | File Type | Filed By | Comment | Docum |
|-----------|-----------|----------|---------|-------|
| 10/3/2023 | Proof of Service: Summons DLR (Civil) | Nicole Hill, | Proof of Service of Summons | PDF |
| 9/1/2023 | Summons: Issued/Filed | Nicole Hill, | | PDF |
| 9/1/2023 | New Filed Case | | | |
| 9/1/2023 | Civil Case Cover Sheet | Nicole Hill, | | PDF |
| 9/1/2023 | Complaint (Unlimited) (Fee Applies) | Nicole Hill, | | PDF |

Showing 1 to 5 of 5 entries                    Previous  1  Next